■ Louis De Mario et al., Respondents, v Estate of Samuel Panebianco et al., Defendants, and Joseph Panebianco et al., Appellants. — Appeal from a judgment of the County Court in favor of plaintiffs, entered June 11, 1980 in Madison County, upon a decision of the court at Trial Term (Tait, Jr., J.), without a jury. The parties to this litigation are potato farmers. In a prior action it was determined that the actions of defendants, in blocking a drainage ditch between their lands and an adjoining parcel owned by plaintiffs, resulted in the loss of plaintiffs' crop of potatoes in that parcel. The present action is limited to a determination of the amount of plaintiffs' loss. The trial court found that plaintiffs could have reduced their loss by adopting measures in attempting to drain the surface water that contributed to the loss of their crop, or, by employing secondary harvesting methods. Thus, it found that plaintiffs failed to mitigate their damages, and awarded a sum which in its judgment represented the amount to which they were entitled (see *Mountain View Coach Lines v Hartnett,* 99 Misc 2d 271, affd 70 AD2d 977). We agree with the legal conclusions of the trial court as well as with the method it used for computation of damages. With proof of the average annual yield per tillable acre and the price per bushel received in a normal year, the trial court was able to determine the amount of the reduced production and the loss sustained in the year 1977. In arriving at the amount of damages, the trial court properly factored in the elements necessary to apportion the amount of the loss attributable to the excessive rainfall in July and August of 1977 and the loss caused by plaintiffs' failure to mitigate their damages. Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.